UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| BRITTNEY STEVENSON, | § | |
| | § | |
| *Plaintiff*, | § | CIVIL ACTION NO.: 6:23-CV-61 |
| | § | |
| VS. | § | |
| | § | |
| WAL-MART STORES TEXAS, LLC, | § | |
| WALMART INC., AND WAL-MART | § | JURY DEMANDED |
| REAL ESTATE BUSINESS TRUST, | § | |
| | § | |
| *Defendants.* | § | |

## PLAINTIFF'S FIRST AMENDED PETITION

Plaintiff Brittney Stevenson files this First Amended Petition complaining of Defendants Wal-Mart Stores Texas, LLC; Walmart Inc.; Wal-Mart Real Estate Business Trust; ("Wal-Mart"); and DuraServ Corp. ("DuraServ") (collectively, "Defendants"), and for her cause of action respectfully shows unto the Court as follows:

### I.
#### NATURE OF ACTION

1.  Plaintiff sues Defendants for negligence causing injuries resulting from a warehouse bay door that came crashing down on her at a Walmart store in Port Lavaca, Texas in the early morning on September 6, 2023.

2.  Plaintiff brings her claims under the common law of Texas. Jurisdiction and venue are proper in this Court because: (i) at least one Defendant is a resident of Texas; (ii) all Defendants have ongoing and systematic contacts with Texas; and (iii) the incident occurred in Calhoun County, Texas. TEX. CIV. PRAC. REM. CODE § 15.002. Removal is improper under 28 U.S.C. § 1441(b)(2).

## II.

### PARTIES

3. Plaintiff Brittney Stevenson is a Texas resident.

4. Defendant **Wal-Mart Stores Texas, LLC** has answered and appeared in this lawsuit through its counsel of record: James K. Floyd and Elizabeth W. Yancy, at DAW & RAY, LLP, Pacific Plaza, 14100 San Pedro Ave., Suite 302, San Antonio, Texas 78232.

5. Defendant **Walmart Inc.** has answered and appeared in this lawsuit through its counsel of record: James K. Floyd and Elizabeth W. Yancy, at DAW & RAY, LLP, Pacific Plaza, 14100 San Pedro Ave., Suite 302, San Antonio, Texas 78232.

6. Defendant **Wal-Mart Real Estate Business Trust** has answered and appeared in this lawsuit through its counsel of record: James K. Floyd and Elizabeth W. Yancy, at DAW & RAY, LLP, Pacific Plaza, 14100 San Pedro Ave., Suite 302, San Antonio, Texas 78232.

7. Defendant **DuraServ Corp.** is a Texas resident domiciled in Dallas County, Texas. This Defendant may be served with process through its registered agent: CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

## III.

### JURISDICTION AND VENUE

8. This Court has specific personal jurisdiction over all defendants in this suit because each of Defendants' acts and omissions that give rise to the plaintiff's claims occurred in Texas, and each Defendant's tortious conduct occurred in Texas. The Court also has general jurisdiction over multiple Defendants that can be considered at home in Texas because of their respective systematic and continuous contacts. At a minimum, each

Defendant has significant, substantial and ongoing contacts with Texas such that exercising personal jurisdiction comports with traditional notions of fair play and substantial justice.

9. This Court previously had subject-matter jurisdiction because there was complete diversity between Plaintiff and every one of the Defendants remaining in this case (Walmart Defendants), and the amount in controversy exceeds $75,000.00, excluding interest and costs. 28 U.S.C. § 1332(a)(1). However, now that additional Defendants have been disclosed in the course of initial document discovery, and are being added in this amendment, the Court no longer has subject-matter jurisdiction because Plaintiff and a newly discovered Defendant are citizens of Texas. **The express addition of Defendant DuraServ Corp. will deprive this federal Court of diversity-based subject matter jurisdiction and will require remand to Texas state court, which enjoys plenary subject matter jurisdiction**.

10. Venue is proper in state court because this case was properly filed in state court before being removed to this Court. Upon discovery of Defendant DuraServ, which operates in Dallas County, remand back to state court is therefore appropriate.

### IV.
### FACTS

11. This lawsuit arises from injuries sustained by Plaintiff Brittney Stevenson on or about September 6, 2023, at Wal-Mart's retail store located at 400 Tiney Browning Blvd, Port Lavaca, Texas 77979. The store is owned and operated by Wal-Mart Defendants. The door involved in the incident was manufactured, installed, and maintained by Defendant DuraServ Corp.

12. On or about that time, Plaintiff Brittney Stevenson was delivering Wal-Mart retail goods loaded into a Wal-Mart trailer from Wal-Mart Distribution Center #7010 to the Port Lavaca Wal-Mart store. During the unloading process, at approximately 7:18 a.m., a loading dock door manufactured and installed by Defendant DuraServ suddenly came crashing down on Plaintiff without warning, causing her severe injuries. The door was a specialty roll-top door installed at Wal-Mart's loading dock, which led directly into the Plaintiff's truck.

13. Wal-Mart, as the owner and operator of the retail store located at 400 Tiney Browning Blvd, Port Lavaca, Texas 77979, knew or should have known that the loading dock door installed by Defendant DuraServ was defective and posed a significant danger to those using it, including the Plaintiff.

14. Prior to the incident, Wal-Mart employees were aware of the issues with the door, including the malfunctioning spring mechanism and the missing pin, which made the door unstable. Despite this knowledge, Wal-Mart failed to take reasonable steps to prevent its continued use, such as tagging out the door or taking it out of service entirely. By allowing a known hazardous condition to persist, Wal-Mart negligently exposed Plaintiff and others to foreseeable harm.

15. Several weeks before the incident, Wal-Mart employees had reported the defect to Defendant DuraServ, as the door had previously malfunctioned and been serviced. Despite being fully aware of the danger, Wal-Mart neither followed up to ensure the repairs were made nor implemented any safety protocols to prevent the door's use until the defect was corrected.

16. Wal-Mart's failure to tag out the defective door or remove it from service violated standard safety protocols and industry practices designed to prevent such incidents. Wal-Mart had a duty to ensure the safety of its premises and failed to fulfill that duty by allowing the door to remain operational, putting Plaintiff at risk.

17. At no point did Wal-Mart warn Plaintiff or other delivery personnel of the dangerous condition of the door. Wal-Mart's failure to warn individuals interacting with the loading dock door further exacerbated the risk, ultimately leading to the injuries sustained by Plaintiff.

18. DuraServ, as the manufacturer and installer of the door, knew or should have known that the door was defective. Specifically, the door was missing a critical pin, and the spring mechanism used to hold the door open was defective. Several weeks prior to the incident, Wal-Mart had notified DuraServ about the malfunctioning door. Despite this knowledge, DuraServ failed to take any action to fix or replace the door, knowingly allowing a dangerous condition to persist.

19. Moreover, DuraServ had prior knowledge of similar issues with this specific type of door, having encountered malfunctions with the spring and pin mechanisms in other installations. Despite being aware of the history of defects and the potential for serious injury, DuraServ failed to implement any corrective measures or recommend a reasonable alternative to mitigate the hazard. The lack of remediation contributed to the incident.

20. At no time did DuraServ warn Plaintiff or any other individuals who interacted with the door of the dangers associated with the missing pin or defective spring. This failure to warn of the hazardous condition directly contributed to Plaintiff's injuries.

21. As a result of the incident, Plaintiff sustained severe injuries to her head, neck, shoulder, back, ankle, and other parts of her body, requiring significant medical intervention and resulting in substantial pain and suffering.

## V.
## CLAIMS AND CAUSES OF ACTION AGAINST DEFENDANTS

**A.   Negligence, Negligence *Per Se*, and Gross Negligence (against Wal-Mart)**

22. Defendant Wal-Mart committed acts of negligence, negligence *per se*, and gross negligence, including:

- Failing to properly maintain the doors on its loading dock;
- Failing to properly train its employees on how to operate its loading dock doors;
- Failing to provide proper supervision;
- Failing to remedy a known, unsafe condition of the loading dock door;
- Failing to provide adequate safety measures;
- Failing to give adequate warnings to Plaintiff of an unsafe condition(s);
- Failing to adequately mark a dangerous condition(s);
- Failing to adequately maintain the premises;
- Failing to take appropriate and reasonable action to protect Plaintiff;
- Creating a dangerous condition;
- Failing to timely and appropriately remedy a dangerous condition;
- Vicariously liable for the acts and/or omissions of their employees;
- Failing to hire, manage, train, and supervise competent employees; and
- Other acts deemed negligent.

23. These acts and/or omissions proximately caused Plaintiff's injuries and damages. Further, Defendants acted knowingly and/or recklessly, committing gross negligence. Accordingly, Plaintiff is entitled to exemplary damages.

**B.     Premises Liability (against Wal-Mart)**

24. Plaintiff adopts and incorporates by reference each and every allegation set forth above.

25. At all material times, Defendants owned, occupied, and/or controlled the area where Plaintiff was injured. The condition of the area where Plaintiff was injured posed an unreasonable risk of harm, and Defendants had actual knowledge or reasonably should have known of the unreasonably dangerous condition. Moreover, Plaintiff did not have actual knowledge of the unreasonably dangerous condition.

26. Plaintiff entered Defendants' premises with Defendants' knowledge and for Defendants' benefit. Defendants had a duty to make the unreasonably dangerous condition reasonably safe. Defendants breached this duty by failing to make the unreasonably dangerous condition reasonably safe. Defendants' breaches proximately caused Plaintiff's injuries.

**C.     Products Liability (against DuraServ)**

27. Plaintiff repeats and re-alleges each allegation contained above.

28. Defendant DuraServ had a duty to provide a door which was safe for usage, and which contained the correct component parts each time it sells a door to its end user or customer.

29. Defendant DuraServ designed, tested, assembled, manufactured, marketed, distributed, and/or sold the door in question with design, manufacturing, and/or marketing

7

defects.

30. **Manufacturing Defect**: The door in question was designed, manufactured, distributed, and/or sold with one or more manufacturing defects. Specifically:

    a. Defendant DuraServ provided the door in question to the WalMart Defendants in a defective condition that rendered the door unreasonably dangerous;

    b. The door in question deviated in the quality of construction, plan, and/or specifications set forth by a properly manufactured door produced by Defendant DuraServ;

    c. When the door left the custody or control of Defendant DuraServ, the doorin question had been manufactured defectively; and

    d. The design, manufacturing, and/or marketing defect(s) rendered the door in question unreasonably dangerous.

31. The design, manufacturing, and/or marketing defect(s), which rendered the door unreasonably dangerous, were the producing, proximate, and contributing cause of Plaintiff's injuries.

32. **Design Defect**: The door in question was designed, manufactured, distributed and/or sold with one or more design defects.

    a. Defendant DuraServ designed the door in question in an unreasonably dangerous manner while safer alternative designs were available at the time of the design and production of the door. Specifically, the door was missing a critical pin, and the door contained a spring which was not adequately suited for the door.

    b. Defendant DuraServ either knew or should have known that safer alternative designs existed. Such alternative designs include the critical pin and non-defective springs which would adequately service the door at issue.

    c. The safer alternative designs would have prevented or significantly reduced the aforementioned risks without substantially impairing the door's utility.

8

    d.    The safer alternative designs were economically and technologically feasible at the time the door left Defendant DuraServ's control. These safer alternative designs are readily available and were in use by Defendant DuraServ on other doors.

    e.    Defendant DuraServ either knew or should have known that the design, manufacturing, and marketing defects deviated from the planned specifications for the door at issue.

    f.    The design defect(s) rendered the door in question unreasonably dangerous.

33. The door's defective design was the producing, proximate, and contributing cause of Plaintiff's injuries.

34. **<u>Marketing Defect and Failure to Warn</u>**: The door in question was designed, manufactured, distributed, and/or sold with one or more marketing defects.

    a.    There was an unreasonable risk in the intended or reasonably foreseeable use of such product. Specifically, it is intended or reasonably foreseeable that Defendant DuraServ's doors will be used by individuals such as Plaintiff who would assume the door is safe. It is also reasonably foreseeable that an end user of one of Defendant DuraServ's doors will follow, or attempt to follow, normal procedures to use the doors. It is also reasonably foreseeable that Defendant DuraServ's customers will use the door, and its component parts provided by Defendant DuraServ, in the way in which the door is intended to be used.

    b.    Defendant DuraServ failed to adequately warn Plaintiff of risks relating to the defective condition of the door or its component parts included with the door in question. Specifically, DuraServ did not provide adequate warnings that if the door did not contain the correct pin or a non-defective spring, the door could cause serious injury or death. Defendant DuraServ failed to instruct Plaintiff of the aforementioned risks, and/or failed to adequately instruct Plaintiff how to avoid the dangers.

    c.    Including warnings about the dangers of the dangerous condition would have been both technologically and economically feasible at the time the door in question left the control of Defendant DuraServ.

    d.    The marketing defect(s) rendered the door unreasonably dangerous.

35. Defendant DuraServ's failure to warn and marketing defects relating to the door in question were the producing, proximate, and contributing cause of Plaintiff's injuries.

36. As a direct and proximate result of Defendant DuraServ's conduct, Plaintiff sustained severe injuries to her body, which resulted in physical pain, mental anguish, and other medical problems. Plaintiff has sustained severe pain, physical impairment, discomfort, mental anguish, and distress. Plaintiff suffered severe emotional distress as a result of these injuries. In all reasonable probability, Plaintiff's physical pain, physical impairment, and mental anguish will continue indefinitely. Plaintiff has incurred and will incur pharmaceutical and medical expenses in connection with her injuries.

37. Specifically, as a direct and proximate result of Defendant DuraServ's negligent and grossly negligent acts and/or omissions, Plaintiff suffered severe and debilitating injuries to numerous parts of her body. Plaintiff has been damaged in a sum far in excess of the minimum jurisdictional limits of this Honorable Court, for which she now sues.

38. Plaintiff is also entitled to exemplary damages because the aforementioned actions and/or inactions of Defendant DuraServ amount to gross negligence. Defendant DuraServ was subjectively aware of the problems with the door but provided no warning to Plaintiff and did not repair the door or take it out of service. Defendant DuraServ's failure to take appropriate action and repair the door, viewed objectively, subjected Plaintiff to an extreme degree of risk.

**D.     Damages**

39.    As a result of said occurrences, Plaintiff sustained severe injuries to her head, neck, shoulder, back, ankle and other parts of her body. Plaintiff has sustained severe pain, physical impairment, discomfort, disfigurement, disability, mental anguish, and distress. In all reasonable probability, Plaintiff's physical pain, physical impairment and mental anguish will continue indefinitely. Plaintiff has also suffered a loss of earnings in the past, as well as a loss of future earning capacity. Plaintiff has incurred and will incur pharmaceutical and medical expenses in connection with his injuries.

40.    Plaintiff has been damaged in a sum far in excess of the minimum jurisdictional limits of this Honorable Court, for which she now sues. Plaintiff seeks monetary relief within the jurisdictional limits of this Court and over $75,000.00.

## VI.
### JURY DEMAND

41.    Plaintiff hereby demands a trial by jury on all issues.

### PRAYER

Plaintiff prays that this citation issue and be served upon Defendants in a form and manner prescribed by law, requiring that the Defendants appear and answer, and that upon final hearing, Plaintiff have judgment against Defendants in a total sum in excess of the minimum jurisdictional limits of this Court, plus pre-judgment and post-judgment interests, all costs of Court, and all such other and further relief, to which she may show herself justly entitled.

**Date: October 7, 2024**

Respectfully Submitted,

**ARNOLD & ITKIN LLP**

*/s/ Samuel Q. Long*
Kurt Arnold
SBN: 24036150
karnold@arnolditkin.com
Roland Christensen
SBN: 24101222
rchristensen@arnolditkin.com
Samuel Q. Long
SBN: 24123912
slong@arnolditkin.com
Alec Paradowski
SBN: 24124773
aparadowski@arnolditkin.com
James Long
SBN: 24106218
jlong@arnolditkin.com
6009 Memorial Drive
Houston, Texas 77007
Tel: 713.222.3800
Fax: 713.222.3850
e-service@arnolditkin.com
rolandteam@arnolditkin.com

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been electronically filed through the Court's CM/ECF system, which will send notification of electronic filing to all counsel of record on this Monday, October 7, 2024.

*/s/ Samuel Q. Long*
Samuel Q. Long