UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| BRITTNEY STEVENSON, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Case No. 6:23-CV-00061 |
| § | |
| WAL MART STORES TEXAS, LLC, *et al.*, § | |
| § | |
| Defendants. § | |

## MEMORANDUM AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This is a personal injury suit arising from an incident in which the plaintiff was allegedly struck by a falling warehouse bay door. On December 27, 2023, this case was removed from the 24th Judicial District Court, Calhoun County, Texas. (Doc. No. 1.) At the time of removal, the case was removable under federal diversity jurisdiction. *Id.* at 2-5 ¶¶ 5-19; *see* 28 U.S.C. § 1332. Now, in addition to claims against Defendants Wal Mart Stores Texas, LLC, Walmart, Incorporated and Wal-Mart Real Estate Business Trust (together here, the "Wal-Mart Defendants"), Plaintiff Brittney Stevenson seeks to add a negligence claim against DuraServ Corporation ("DuraServ") and to file an amended complaint reflecting the addition of DuraServ as a defendant. (Doc. No. 22.) Plaintiff also moves for remand of this case. (Doc. No. 23.) Because the Wal-Mart Defendants do not oppose the joinder of DuraServ, the filing of the amended complaint, or remand to the original filing court, and because leave should be freely given when justice so requires, the undersigned recommends that Plaintiff's motions for leave to join an additional party and to file an amended complaint (Doc. No. 22) and for remand (Doc.

No. 23) be GRANTED and that this case be REMANDED to the state court from which it came for lack of subject matter jurisdiction.

### A. *Procedural history and summary of Plaintiff's motions.*

On November 30, 2022, Plaintiff filed her original complaint in Texas' 24th Judicial District Court. (Doc. No. 1-1, pp. 2-8.) Plaintiff is a citizen of Texas. (Doc. No. 1, p. 3 ¶ 7.) Defendant Wal-Mart Stores Texas, LLC is a citizen of Delaware and Arkansas. *Id.* ¶ 8. Defendant Walmart Incorporated is a corporation that is incorporated in Delaware with its principal place of business in Arkansas; it is thus a citizen of Delaware and Arkansas. *Id.* at 4 ¶ 9. Defendant Wal-Mart Real Estate Business Trust is a Delaware statutory trust with its principal place of business in Arkansas; its sole unit or shareholder is Wal-Mart Property Company, a Delaware corporation with its principal place of business in Arkansas, and so Wal-Mart Real Estate Business Trust is a citizen of Delaware and Arkansas. *Id.* at 3-4 ¶¶ 8, 10. These parties – the Wal-Mart Defendants – are all diverse from Plaintiff, and Plaintiff has not challenged this diversity. Because the parties at the time of removal were completely diverse[1] and the amount in controversy exceeded $75,000, the action was removable under 28 U.S.C. § 1332. *Id.* at 3-4 ¶¶ 6-10. Venue was proper in this Court at the time of removal pursuant to 28 U.S.C. § 1441(b), because this Court is the United States district court for the district where the 24th Judicial District Court is located and where the state court action was pending. *Id.* at 6 ¶ 21.

On September 16, 2024, Plaintiff inspected the loading dock door that was involved in the incident giving rise to this lawsuit. Plaintiff states that she was made aware at that time, for

---

[1] The district court previously found that two individual defendants included in Plaintiff's state court suit were improperly joined and dismissed the claims against those defendants. The remaining defendants are completely diverse. *See* Doc. No. 8.

the first time, that DuraServ had manufactured and installed the door. (Doc. No. 23-1, p. 2 ¶ 2.) Documents revealing DuraServ's role in the door's installation and manufacture had recently been provided to Plaintiff during discovery in this case, as well as during the inspection. *Id.* at 2-3 ¶ 2. DuraServ, Plaintiff states, is a Texas citizen, a "Texas entity" with its principal place of business in Dallas County, Texas. *Id.* Plaintiff contends that DuraServ "committed tortious conduct in connection with the door malfunction." *Id.* at 2 ¶ 2. Accordingly, on October 4, 2024, Plaintiff filed an unopposed motion for leave to join DuraServ to this action and to file an amended complaint. (Doc. No. 22.) Plaintiff states that she seeks to amend her complaint to add DuraServ as a defendant "to ensure that the [Texas Civil Practice and Remedies Code's] mandatory allocation of comparative fault to all tortfeasors is honored" and to make sure that Plaintiff receives complete relief. (Doc. No. 23-1, p. 3 ¶ 2.)[2]

> The proposed amended complaint alleges that DuraServ was negligent because it
>
> knew or should have known that the door was defective. Specifically, the door was missing a critical pin, and the spring mechanism used to hold the door open was defective. Several weeks prior to the incident, Wal-Mart had notified DuraServ about the malfunctioning door. Despite this knowledge, DuraServ failed to take any action to fix or replace the door, knowingly allowing a dangerous condition to persist.

(Doc. No. 22-2, p. 6 ¶ 18.) Plaintiff also seeks to allege that DuraServ had prior knowledge of similar issues with this type of door but failed to implement corrective measures. *Id.* ¶ 19.

Plaintiff alleges that DuraServ is a citizen of Texas. (Doc. No. 23-1, p. 2 ¶ 2.) Plaintiff explains that if DuraServ is joined as a defendant, this Court will no longer have subject matter jurisdiction over the suit, because there will no longer be complete diversity of citizenship between Plaintiff and all defendants. *Id.* at 3. Therefore, in the event this Court grants leave to

---

[2] *See, e.g.*, Tex. Civ. Prac. & Rem. Code § 33.003.

file the amended complaint, Plaintiff seeks remand of this case to state court pursuant to 28 U.S.C. § 1447(e). *Id*. Plaintiff asks, however, that the case be remanded not to the court where the case was originally filed but instead to "the appropriate venue of Dallas County where DuraServ is headquartered." *Id.* at 4.

The Wal-Mart Defendants do not oppose Plaintiff's proposed amendment to add DuraServ. They do not contend that DuraServ is a diverse defendant, nor do they contest that adding DuraServ would destroy the Court's diversity jurisdiction. The Wal-Mart Defendants have separately informed the Court that they do not oppose remand of this case to state court, provided remand is to the state court from which this case was removed.

### B. Discussion.

#### 1. *The Wal-Mart Defendants do not contest that the joinder of DuraServ would destroy diversity jurisdiction.*

The Wal-Mart Defendants do not oppose Plaintiff's motion to amend her complaint, and they likewise do not contend that DuraServ is a diverse defendant – that is, not a citizen of Texas. The burden of establishing federal subject matter jurisdiction is on the party asserting it – in this case – the Wal-Mart Defendants. *See Willoughby v. United States ex rel. Dep't of the Army*, 730 F.3d 476, 479 (5th Cir. 2013). The Wal-Mart Defendants do not oppose Plaintiff's motion to amend her complaint to add DuraServ as a defendant, and they have not submitted any evidence indicating that DuraServ is not a citizen of Texas. In any event, the Court's own research indicates that DuraServ is a Delaware corporation with its principal place of business in Texas. *See* https://mycpa.cpa.state.tx.us/coa/coaSearchBtn, search "DuraServ Corp." (last visited Oct. 15, 2024); Fed. R. Evid. 201(b)(2). The undersigned therefore concludes that DuraServ is a citizen of Delaware and Texas for diversity jurisdiction purposes. *Cf. Pitts v.*

*Sam's East, Inc.*, Civ. No. 20-601-BAJ-EWD, 2021 WL 3439416, at *4-*5 (M.D. La. July 16, 2021) (DuraServ Corp. was a non-diverse party that would destroy diversity jurisdiction if joined).

### 2. The district court should grant leave for Plaintiff to join DuraServ as a defendant in this action and to file her first amended complaint.

Plaintiff seeks leave to join DuraServ, a nondiverse additional party, and to file an amended complaint. (Doc. No. 22.) Plaintiff filed her motion within the deadline set forth in the scheduling order (Doc. No. 17) for joining parties and amending pleadings, and the defendants are unopposed to the motion to amend. (Doc. No. 22, p. 1.)

Unless the opposing party can show prejudice, bad faith, or undue delay, a court should grant leave to file an amended pleading. *Foman v. Davis*, 371 U.S. 178, 182 (1962); Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."). However, "[a]lthough Rule 15(a) of the Federal Rules of Civil Procedure states that leave to amend 'should be freely given when justice so requires' and Rule 20 permits joinder of parties, the Court is obligated to scrutinize the proposed amendment more closely than an amendment that does not destroy diversity." *Gonzales v. Walmart Stores Tex., LLC*, No. SA-21-CV-00415-XR, 2021 WL 2525574, at *2 (W.D. Tex. June 17, 2021). "In *Hensgens* [*v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987)]*,* the Fifth Circuit identified four factors relevant to this scrutiny: (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction; (2) whether the plaintiff has been dilatory in asking for amendment; (3) whether the plaintiff will be significantly injured if amendment is not allowed; and (4) any other factors bearing on the equities." *Lowe v. Singh*, No. CIV.A. H-10-1811, 2010 WL 3359525, at *1 (S.D. Tex. Aug. 23, 2010) (Werlein, J.) (internal citation omitted). "[T]he balancing of these competing interests is not served by a rigid

distinction of whether the proposed added party is an indispensable or permissive party." *Hensgens*, 833 F.2d at 1182. "After examining these factors, the Court is to balance the equities of the case and use discretion to decide whether to permit the amendment destroying diversity." *Gonzales*, 2021 WL 2525574, at *2. Plaintiff has not discussed the *Hensgens* factors in her motion for leave to amend.

### a. The extent to which the purpose of the amendment is to defeat federal jurisdiction.

The first *Hensgens* factor is "the extent to which the purpose of that amendment is to defeat federal jurisdiction. 833 F.2d at 1182. "When considering this first factor, courts take into account whether the plaintiff knew or should have known the identity of the non-diverse defendant when the state court complaint was filed." *Gallegos v. Safeco Ins. Co. of Ind.*, No. H–09–2777, 2009 WL 4730570, at *3 (S.D. Tex. Dec. 7, 2009) (Rosenthal, J.) (internal quotations omitted). "[C]ourts have [] recognized that when a plaintiff states a valid claim against a defendant, it is unlikely that the primary purpose of bringing those defendants into litigation is to destroy diversity jurisdiction." *Lowe*, 2010 WL 3359525, at *2; *see also Barmore v. Sig Sauer, Inc.*, Civ. No. 3:24-00056, 2024 WL 3074417, at *8 (W.D. La. June 4, 2024), *adopted*, 2024 WL 3070189 (W.D. La. June 20, 2024) (valid claim against proposed non-diverse defendant meant that principal purpose of amendment was not to destroy diversity jurisdiction).

Here, Plaintiff's filings indicate two reasons for her amendment. First, Plaintiff states that she did not know that DuraServ was the manufacturer of the door until receiving discovery and conducting the inspection. *See* Doc. No. 23, p. 2 ¶ 2. Additionally, Plaintiff is asserting a separate and valid claim for negligence against DuraServ arising out of the same conduct, transaction, or occurrence set forth in the original complaint. *See id.* Given this, and absent

6 / 11

objection from the Wal-Mart Defendants, the undersigned finds that the primary purpose of the amendment is not to destroy diversity jurisdiction of this Court, but to assert a valid claim against DuraServ. The first factor weighs in favor of permitting the amendment.

### b. Whether Plaintiff has been dilatory in asking for the amendment.

The second *Hensgens* factor is "whether [the plaintiff] has been dilatory in asking for the amendment." 833 F.2d at 1182. "Generally, a plaintiff is not dilatory in seeking to amend a complaint when no trial or pre-trial dates [have been] scheduled and no significant activity beyond the pleading stage has occurred." *Gonzales*, 2021 WL 2525574, at *4 (citations omitted).

Here, although a scheduling order is in place, setting a trial date in April 2025, there has been no significant in-court activity beyond the pleading stage. Plaintiff states that she discovered DuraServ's alleged involvement in this case on September 16, 2024. (Doc. No. 23-1, p. 2 ¶ 2.) Plaintiff moved for leave to amend 18 days later, on October 14. (Doc. No. 22.) The motion for leave to amend was also filed within the time allotted for amendment of pleadings and joinder of parties. *See* Doc. No. 17. The undersigned concludes that the second factor also weighs in favor of permitting the amendment.

### c. Whether Plaintiff will be significantly injured if the amendment is not allowed.

The third *Hensgens* factor is "whether the plaintiff will be significantly injured if the amendment is not allowed." 833 F.2d at 1182. Courts consider "whether a plaintiff can be afforded complete relief in the absence of the amendment," *see Lowe*, 2010 WL 3359525, at *3, and "whether the plaintiff will be forced to litigate their action against the non-diverse defendants in a different court system, on a different timetable, subject to different procedural

rules and conflicting results, and under the weight of additional financial burden." *See Adey/Vandling, Ltd. v. Am. First Ins. Co.,* No. A-11-CV-1007-LY, 2012 WL 534838, at *4 (W.D. Tex. Feb. 17, 2012).

Because DuraServ is a nondiverse party, if Plaintiff is denied leave to amend and proceeds with her claim against DuraServ, she would be forced to do so in a Texas state court. Consequently, any action against DuraServ would be subject to a different timetable, different procedural rules, and additional legal expenses. It may also give rise to conflicting results. On the other hand, there is precedent holding that "'[h]aving to litigate these separate claims in separate proceedings, one state and one federal, is not a significant injury under *Hensgens*.'" *Singh v. 15625 Ft. Bend, Ltd.*, Civ. No. H-20-3648, 2020 WL 13133219, at *4 (S.D. Tex. Dec. 22, 2020) (Rosenthal, C.J.) (quoting *Arthur v. Stern*, Civ. No. H-07-3742, 2008 WL 2620116, at *6 (S.D. Tex. June 26, 2008) (Rosenthal, J.)). Thus, the third factor is at best neutral with regard to permitting the amendment.

### d. *Other factors bearing on the equities.*

The fourth *Hensgens* factor is whether there are "any other factors bearing on the equities" of granting or denying amendment. 833 F.2d at 1182. The undersigned discerns no factors separate from the first three that might bear on the equities in this case.

Notably, the Wal-Mart Defendants are unopposed to Plaintiff's motion to join DuraServ as a defendant. (Doc. No. 22, p. 1.) These defendants do not contend that they would suffer any prejudice upon the filing of the amended complaint, or that Plaintiff moved for filing of the amended complaint in bad faith or undue delay. Therefore, based on the foregoing analysis, and after consideration of all of the *Hensgens* factors, the undersigned recommends that Plaintiff be granted leave to join DuraServ as a defendant and to file her amended complaint.

> ***3. If the district court grants Plaintiff's motion for leave to amend her complaint, it should remand this action back to the state court from which it was removed (and not to a different state court).***

"[A] motion to remand for lack of subject matter jurisdiction may be filed at any time between removal and final judgment." *Barcelona Lofts, LLC v. Travelers Indem. Co. of Am.*, No. SA-17-CV-1048-OLG, 2018 WL 5787469, at *2 (W.D. Tex. Nov. 5, 2018), *adopted*, 2018 WL 6190361 (W.D. Tex. Nov. 20, 2018) (citing 28 U.S.C. § 1447(c)). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "[F]ederal courts must address jurisdictional questions whenever they are raised and must consider jurisdiction *sua sponte* if not raised by the parties." *Howery v. Allstate Ins. Co.,* 243 F.3d 912, 919 (5th Cir. 2001). The purported basis for removal in this case, diversity jurisdiction, requires complete diversity between all plaintiffs and all defendants and an amount in controversy that exceeds $75,000. 28 U.S.C. §§ 1332 and 1441.

Because this action is based entirely on state law claims, subject matter jurisdiction with this Court exists only if there is diversity jurisdiction, or rather, if complete diversity between the parties remains. With the addition of DuraServ, a new party whose citizenship is Texas, *see* Doc. No. 22, p. 1, like that of Plaintiff, *see* Doc. No. 1-1, p. 3 ¶ 3, complete diversity between the parties is destroyed. Therefore, if the Court permits joinder of DuraServ as an additional defendant, as is recommended, then the Court will no longer have subject matter jurisdiction over the case, and the case must be remanded to state court pursuant to 28 U.S.C. § 1447(e).

Plaintiff asks, however, that the case be remanded not to the 24th Judicial District Court but instead to "the appropriate venue of Dallas County where DuraServ is headquartered." (Doc. No. 23-1, p. 4.) Plaintiff offers no authority indicating that this Court is empowered to remand this case to any court other than the court from which it was removed, and the undersigned's

research has unearthed no such authority either. Indeed, precedent appears to direct the opposite – that cases can be remanded only to the court from which they were removed. *See Taliaferro v. Goodyear Tire & Rubber Co.*, 265 F. App'x 240, 244 (5th Cir. 2008) (citing *Bloom v. Barry*, 755 F.2d 356, 357-58 (3d Cir. 1985) ("'Remand means 'send back.' It does not mean 'send elsewhere.' The only remand contemplated by the removal statute is a remand 'to the State court from which it was removed.'")); *see also Hill v. Keliher*, No. 4:19-cv-02528, 2019 WL 3837113, at *7 (S.D. Tex. Aug. 14, 2019) (Hanen, J.) (holding that a district court can remand a matter only to the state court from which it came). The undersigned recommends that course here: the district court should remand this case to the 24th Judicial District Court. If after remand Plaintiff desires that the case be transferred to some other state court, Plaintiff can seek that transfer through state court channels. *Cf. Taliaferro*, 265 F. App'x at 244.

### C. Recommendations.

The district court should take the following actions:

- GRANT Plaintiff's motion for leave to amend her complaint (Doc. No. 22);
- DIRECT the Clerk to docket Plaintiff's amended complaint;
- GRANT Plaintiff's motion for remand (Doc. No. 23); and
- REMAND this case to Texas' 24th Judicial District Court for lack of subject matter jurisdiction.

### D. Notice.

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within 14 days after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate

Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), and General Order No. 2002-13, United States District Court for the Southern District of Texas.

    A failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).

    SIGNED on October 16, 2024.

                                                   MITCHEL NEUROCK
                                                   United States Magistrate Judge